DROSD, Plaintiff-Appellant, v BOYLE ET, Defendants-Appellees.

RYAN, Plaintiff-Appellant, v BOYLE ET, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 20762-20761.   Decided January 12, 1948.

Perry D. Caldwell, Cleveland, for plaintiffs-appellants.

Frank T. Cullitan, Cleveland, Pros. Atty., Margaret R. Lawrence, Asst. Pros. Atty., Lee C. Howley, Law Director, for defendants-Appellees.

## OPINION

By MORGAN, J.

These two cases were consolidated and tried together in common pleas court. The plaintiffs in both cases sought the abatement of special taxes and special assessments on Torrenized property by reason of the failure in both cases to comply with §8572-56 GC. See **Curry v Lybarger, etc. 133 Oh St 55.**

The first case involved sublot 366 on Strandhill Road in the City of Cleveland, and the second case involved sublot No. 3 on Harvard Avenue and sublot No. 4 on East 176 Street in the City of Cleveland. All the lots are in the City Allotment Company's Shaker View Subdivision in the Village of Miles Heights which was annexed to the City of Cleveland in 1932.

At the hearing of these cases the County of Cuyahoga consented to enter a decree for the plaintiffs granting the relief prayed for. The City of Cleveland, the other defendant, proceeded to trial.

The said allotment was Torrenized in 1927.

The plaintiff offered in evidence a transfer of Torrenized property from Perry D. Caldwell and The C. & S. Realty Company to Eva Drosd Certificate No. 47727 dated August 27, 1945. The certificate contained no memorial of any taxes or assessments under §8572-56 GC. Similar proof was offered of the transfer to Eleanor Ryan. The certificate of transfer to her was registered Aug. 9, 1945 and likewise contained no memorial of taxes and special assessments under §8572-56 GC.

At the close of plaintiff's case the City of Cleveland moved to dismiss the plaintiff's petition. The motion was granted.

In the transfer to Eva Drosd, and likewise to Eleanor Ryan, the following language appeared:

"Subject to zoning ordinances, if any, restrictions of record, and taxes and assessments now due or to become due which the grantee assumes and agrees to pay."

Before filing its motion to dismiss the petition, the defendant, City of Cleveland, obtained leave to amend its answer to include the words "she has assumed and agreed to pay the assessments in question and is estopped to deny that they are good and a valid lien."

The City of Cleveland claims that the petition should have been dismissed for two reasons: (1) the plaintiff failed to prove that §8572-56 GC had not been complied with; (2) the defense of estoppel.

Sec. 8572-56 GC was repealed in 1937. Since the repeal of this statute it has not been necessary to file a memorial of the taxes or assessments afterwards levied on Torrenized property. The repeal, however, of the section, did not authorize the Auditor to drop or omit from the certificate of transfer a memorial which had been previously entered. The fact that no such memorial appears on the transfer and certificates offered in evidence, although they were made in 1945, is evidence that §8572-56 GC had not been complied with.

The words appearing in the certificate of transfer "taxes and assessments now due or to become due which grantee assumes and agrees to pay" refer to taxes and assessments legally due and a lien on the property. Such language does not create a liability on the principle of estoppel for the payment of taxes and assessments otherwise not a lien.

**Walsh et al v Sims, et al 65 Oh St 211.**

The answer of the City of Cleveland contains this further allegation:

' "This defendant is informed and believes that the owners of the lots at the time the assessments for the improvements were levied, petitioned for the installation of the improvements."

See **Amrick v Boyle, 136 Oh St 325.**

No proof was offered by the defendant, City of Cleveland, in support of this allegation inasmuch as the case was decided on the motion of the defendant, City of Cleveland, to dismiss the petition made at the close of plaintiff's case.

It is our view that the plaintiff's by their evidence made a prima facie case and that the motion to dismiss said petitions should have been overruled.

For the reasons stated the judgment of the common pleas court is reversed and the causes are remanded for further proceedings according to law.

HURD, PJ, SKEEL, J, concur.